LAW OFFICES
OF

# JOHN L. FRANCO, JR.

110 Main Street, Suite 208
Burlington, Vermont 05401-8451
Telephone (802) 864-7207 FAX (802) 859-1876
email:johnfrancolaw@aol.com

June 30, 2015

Jeffrey Eaton, Clerk
U.S. District Court
P.O. Box 945
Burlington, VT. 05402-0945

RECEIVED
BURLINGTON, VT
JUL - 6 2015
CLERK'S OFFICE
U.S. DISTRICT COURT

Re:   *Dean Corren et al. v. William Sorrell.*
      Case No. 2:15-cv-58

Dear Mr. Eaton,

This is a letter of supplemental authorities for consideration by the Court.

• *Garcia v. Teitler*, 443 F.3d 202, 208 (2nd Cir. 2006) [that the boundaries of ancillary jurisdiction are not overly rigid or precise, that incident to the disposition of the principal issues before it, a court may decide collateral matters necessary to render complete justice, and that the major purpose of ancillary jurisdiction is to ensure that a judgement of a court is given full effect when a party's actions either directly or indirectly threaten to compromise the effect of the court's judgment].

• *City of Houston v. Hill*, 482 U.S. 451, 467-68 (1987) [abstention in the First Amendment context is disfavored because the delay of state-court proceedings might itself effect the impermissible chilling of the very constitutional right that the plaintiffs seek to perfect].

• *Thalheimer v. City of San Diego*, 645 F.3d 1109 (9th Cir. 2011) at 1112-13 [observing that recent Supreme Court decisions regarding campaign finance reform which began in the Watergate era in 1972 have again placed the constitutionality of reform in flux].

• *Wisconsin Right to Life v. Barland*, 751 F.3d 804 (7th Cir. 2014) at 808 [noting that In the domain of campaign finance law the First Amendment requires a heightened degree of regulatory clarity and a close fit between the government's means and ends, that the Wisconsin state campaign finance law had not kept pace with the evolution in Supreme Court doctrine marking the boundaries on the government's authority to regulate election-related speech], and at 819 [observing that the most recent State legislative amendments reacting to these changes were de-regulatory in nature].

• *In re Cao*, 619 F.3d 410 (5th Cir. 2010) at 421[ [plaintiffs had standing where a ruling favorable to them would allow further monetary contributions to candidates to carry out desired coordinated speech acts without fear of government enforcement].

Very truly yours,

John L. Franco, Jr.
Counsel to plaintiffs

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| DEAN CORREN, the | * | CASE NO. 2:15-cv-58 |
| VERMONT PROGRESSIVE | * | |
| PARTY, STEVEN HINGTGEN, | * | |
| RICHARD KEMP, and | * | |
| MARJORIE POWER, | * | |
|     Plaintiffs | * | |
| | * | |
| v. | * | |
| | * | |
| WILLIAM SORRELL, | * | |
| Vermont Attorney General, | * | |
| in his official capacity, | * | |
|     Defendant | * | |

## CERTIFICATE OF ELECTRONIC SERVICE

The undersigned certifies that he served the plaintiffs' *Letter of Supplemental Authorities* using the CM/ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

    Megan Shafritz
    Eve Jacobs-Carnahan
    Assistant Attorneys General
    109 State Street
    Montpelier, VT. 05609-1001

Dated at Burlington, Vermont this 30th day of June, 2015.

    John L. Franco, Jr., Esq.
    110 Main Street
    Burlington, Vermont
    (802) 864-7207
    johnfrancolaw@aol.com
    Attorney for Plaintiffs