

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| DEAN CORREN, the | * | CASE NO. 2:15-cv-58 |
| VERMONT PROGRESSIVE | * | |
| PARTY, STEVEN HINGTGEN, | * | |
| RICHARD KEMP, and | * | |
| MARJORIE POWER, | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | |
| | * | |
| WILLIAM SORRELL, | * | |
| Vermont Attorney General, | * | |
| in his official capacity, | * | |
| Defendant | * | |

## MOTION TO INTERVENE

Now comes Sen. David Zuckerman and pursuant to F.R.Civ.P. 24(a)(2) moves to intervene in the above captioned matter. An accompanying copy of his intervention pleading stating the claims upon which intervention is sought is attached as required by Rule 24(c).

## MEMORANDUM IN SUPPORT OF MOTION

**I.   SENATOR ZUCKERMAN CAN INTERVENE AS A MATTER OF RIGHT.**

F.R.Civ.P. 24(a)(2) allows intervention as a matter of right where s/he asserts an interest in the subject of the pending action and is so situated that disposal of the action may as a practical matter impair or impede the movant's ability to protect his/her interest where that interest is not adequately represented by the existing parties.

David Zuckerman is a Vermont State Senator representing Chittenden County. In his elections to the Vermont State Senate he has enjoyed the cross-endorsements of both the Vermont Progressive Party and the Vermont Democratic Party. He has announced his

entry into the 2016 race for the office of Vermont Lt. Governor and is seeking the nominations of both the Vermont Democratic Party and the Vermont Progressive Party. He is seeking Vermont public campaign financing for that race, despite the bar of 17 V.S.A. §2983(a) which prohibits a potential publicly financed candidate ("PFC") from (i) announcing that s/he seeks an elected position as Governor or Lt. Governor, or (ii) accepting contributions totaling $2,000 or more or making expenditures totaling $2,000 or more prior to February 15, 2016. No such bars on political speech exist for traditionally financed candidates ("TFCs").

There are already two other announced candidates seeking the Vermont Democratic Party nomination for Lt. Governor, Kesha Ram and Brandon Riker. Both are already actively campaigning and fundraising. The February 15th limitation of §2983(a) puts any candidate considering public financing at a substantial practical disadvantage because of this "long lead" for announcement of candidacy, for gathering political support and endorsements, and for fundraising allowed only to TFCs. This now exacerbates the chilling effect being caused by the other still unresolved constitutional defects in the Vermont public campaign finance statute and the Attorney General's enforcement position of that statute.

Senator Zuckerman has concluded that given the "long lead" time which has now already become an established fact in the 2016 election cycle, he cannot afford to incur the substantial disadvantage in garnering support for his candidacy that delaying an announcement of his candidacy and delay in fundraising to February 15, 2016 would entail. He therefore moves to intervene in this case as an announced candidate seeking public financing who is challenging the constitutionality of §2983(a). No one else in the

litigation has brought this challenge. His actions therefore create an interest not adequately represented by the existing parties and creates the right to intervene under Rule 24(a)(2).

Additionally he also intervenes to join the existing challenge to the expenditure and contribution limits of 17 V.S.A. §2983(b)(1) and the enforcement position of the Vermont Attorney General thereon. This unconstitutional limitation – which bars only publicly finance candidates ("PFCs") from expending more than $50,000 in a primary contest – already has immediate relevance. One of Sen. Zuckerman's announced Vermont Democratic Party primary election opponents had already raised more than $103 thousand as of July 15, 2015, more than twice this limit. Sen. Zuckerman therefore also joins in the challenges to this limit.

He also joins the other challenge to the bar on coordinated activities between PFCs and their political parties set forth in the statute and by the Attorney General's enforcement position.

Dated at Burlington, Vermont this 12th day of November, 2015.

John L. Franco, Jr., Esq
110 Main Street
Burlington, Vermont
(802) 864-7207
johnfrancolaw@aol.com
Attorney for Sen. David Zuckerman